**WESTERN OIL AND GAS ASSOCIATION; National Ocean Industries Association, Plaintiffs–Appellants,**

v.

**SONOMA COUNTY; San Mateo County; Monterey County; San Luis Obispo County; County of Santa Cruz; City of Monterey; City of Morro Bay; City of San Luis Obispo; City of Santa Cruz; City of San Francisco; County of San Francisco, Defendants–Appellees,**

**State of California, acting By and Through the California Coastal Commission and the California State Lands Commission; Natural Resources Defense Council; the League for Coastal Protection, Defendants–Intervenors–Appellees.**

No. 88–6608.

United States Court of Appeals, Ninth Circuit.

Argued Submission Deferred Oct. 31, 1989.

Resubmitted Dec. 1, 1989.

Decided June 11, 1990.

As Amended on Denial of Rehearing Aug. 23, 1990.

Philip K. Verleger, McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for plaintiffs-appellants.

Roger Beers, San Francisco, Cal., Stephen Butler, Sonoma County Counsel, Santa Rosa, Cal., Michael Murphy, San Mateo County Dist. Atty's. Office, Redwood City, Cal., W. Allen Bidwell, Monterey County Counsel's Office, Salinas, Cal., Dwight Herr, Santa Cruz County Counsel's Office, Santa Cruz, Cal., Judy Skousen, J.D., Morro Bay City Atty's. Office, Morro Bay, Cal., Vickie Finucane, San Luis Obispo City Atty's. Office, James Lindholm and Raymond Biering, San Luis Obispo County Counsel's Office, San Luis Obispo, Cal., Bill Conners, Monterey City Atty's. Office, Monterey, Cal., John Barisone, Santa Cruz City Atty's. Office, and John S. Roddy, Deputy City Atty., San Francisco, Cal., for defendants-appellees.

John A. Saurenman, Mary Gray Holt, Deputy Attys. Gen., Los Angeles, Cal., Johanna H. Wald, Natural Resources Defense Council, San Francisco, Cal., for defendants-intervenors-appellees.

J. Carol Williams, Dept. of Justice, Land & Natural Resources Div., Washington,

D.C., Sarah F. Bates, Sierra Club Legal Defense Fund, San Francisco, Cal., Eric Twelker, Mountain States Legal Foundation, Denver, Colo., for amici curiae.

Before NORRIS, REINHARDT and TROTT, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Two oil industry associations, the Western Oil and Gas Association (WOGA) and the National Ocean Industries Association (NOIA), challenge the constitutionality of certain land use ordinances passed by various coastal cities and counties in the State of California.[1] The local ordinances regulate the onshore facilities used to support off-shore and Outer Continental Shelf oil and gas development. Appellants contend that the ordinances violate the federal policy underlying the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331–1865 (Supp. V 1987), which declares the policy of the United States that the Outer Continental Shelf should be available for expeditious and orderly development subject to environmental safeguards. *See* 43 U.S.C. § 1802.

The district court dismissed appellants' claims under Federal Rule of Civil Procedure 12(b)(1) because the claims were not ripe and appellants had failed to exhaust their administrative remedies, and under Rule 12(b)(6) because appellants had failed to state a claim on the merits. In November 1989, after this appeal was filed but before it was submitted, President Bush signed into law a moratorium on certain off-shore oil drilling and pre-lease preparation activities. Department of Interior Ap-

propriations Bill, Pub.L. No. 101–121, § 112. The bill effectively prohibits pre-lease activities off the California coast until 1991 and possibly 1992.

We first address the effect which the recent moratorium on leasing activities has upon this appeal. We then turn to a discrete issue involving only the County of San Luis Obispo.

I

Under the Outer Continental Shelf Lands Act, the Secretary of the Interior is empowered to lease tracts in federal waters off-shore California for oil and gas exploration and development. 43 U.S.C. § 1802(1). Outer Continental Shelf (OCS) leases presently exist off the coast of only one of the counties involved in this case—San Luis Obispo. The federal government has not conducted an OCS lease sale for areas off-shore California since the fall of 1984. Sale 119, which involves tracts offshore of Sonoma, Marin, San Mateo, and Santa Cruz counties, has been halted under the new DOI appropriations bill, and pre-lease activity has been suspended off the central coast. Prior to suspending Lease Sale 119, President Bush also stayed Sale 91, off-shore Humboldt and Mendocino Counties, and Sale 95, offshore southern California from San Luis Obispo to the international boundary with Mexico. The future of the OCS leases off the California coast has been uncertain for much of the past decade, and that uncertainty pervades not only this litigation but the entire OCS leasing program. The district court so concluded when it held that the series of contingencies inherent in the leasing program at this time made appellants' claims too speculative for resolution by a federal court.[2]

---

1. The ordinances of six counties and five cities are at issue. The counties are: Sonoma County, San Mateo County, Monterey County, County of Santa Cruz, County of San Francisco, and County of San Luis Obispo. The cities are: San Francisco, Santa Cruz, Monterey, Morro Bay, and San Luis Obispo.

2. In deciding the ripeness issue, the district court distinguished between two types of ordinances: those which imposed a moratorium on onshore support facilities and those which

merely added a requirement of local voter approval to existing procedures for issuing construction permits. The court held that claims in connection with the latter group of ordinances were not ripe. *Western Oil and Gas Ass'n v. Sonoma County et al.*, No. CV 87–5190, slip op. at 10–11 (C.D.Cal. April 21, 1988). Two of the moratorium ordinances were also deemed unripe. The court found that no harm from the two-year moratorium imposed by the San Francisco ordinance was possible because more than

The parties disagree about the effect and significance of the most recent moratorium. Appellants argue that the DOI Appropriations Bill has rendered this appeal moot in connection with all of the ordinances except those passed by San Luis Obispo County and two cities in that county, San Luis Obispo and Morro Bay. Because they argue that the appeal is moot, appellants ask that we dismiss the appeal and vacate the judgment of the district court. Appellees, on the other hand, contend that the case is not moot and that the bill presents yet another example of why this litigation has never been ripe for judicial resolution. Because the case is unripe, they argue, we should affirm the judgment of the district court.

■ The ripeness and mootness doctrines are based in part upon the Article III requirement that courts decide only cases or controversies. *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 138, 95 S.Ct. 335, 356, 42 L.Ed.2d 320 (1974). An action is unripe when the issues are not sufficiently concrete for judicial resolution. *See Pacific Legal Found. v. State Energy Resources Conservation & Dev. Comm'n*, 659 F.2d 903, 915 (9th Cir.1981), *aff'd sub nom. Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n*, 461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983). An action is moot when " 'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.' " *Northwest Environmental Defense Center v. Gordon*, 849 F.2d 1241, 1244 (9th Cir.1988) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (per curiam)). The ripeness inquiry asks "whether there yet is any need for the court to act," while the mootness inquiry asks "whether there is anything left for the court to do." Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3532.1 (2d ed. 1984).

■ Appellants argue that their appeal with regard to all the ordinances, except those adopted by the San Luis Obispo jurisdictions, is moot because the new DOI Appropriations Bill delays the necessary activities for the previously scheduled lease sales. Although they argue mootness, appellants acknowledge that the seeds of controversy between themselves and the local governments still remain. "If the decision is to go forward with the sales," say appellants, "then the controversy we have raised here may well arise again, but it is not here now." Appellants' Memorandum of Points and Authorities in Support of Motion to Vacate Judgment and to Dismiss Appeal as Moot at 4. Appellees agree that the ripeness questions, at least, are likely to arise again if the judgment of the district court is vacated. They argue that the law is clear that only a previously ripe argument can be moot and that no dispute can properly be declared moot when it is likely to recur in later litigation.

We agree with appellees that actions are not moot when the issues they concern are likely to recur. Our court has consistently held that when a controversy is an on-going one, the case has not become moot. In *Gary H. v. Hegstrom*, 831 F.2d 1430, 1431 (9th Cir.1987), we held that a case had not become moot because, despite growing accord between the parties, continuing controversy remained. Earlier, we held in *Seay v. McDonnell Douglas Corp.*, 533 F.2d 1126, 1130 (9th Cir.1976) that a defendant's voluntary cessation of wrongdoing did not render the case moot because it provided no assurance that the alleged wrongdoing would not recur. Both these cases support the more general proposition that when the possibility of controversy remains, the case is not yet moot. The Third Circuit has explicitly held that "an appeal will not be deemed moot if there is a reasonable likelihood that the parties will contest the same issues in a subsequent

---

a two-year delay could be expected before the government began leasing tracts off the northern California coast. *Id.* at 11–12. In addition, the district court found that the San Mateo ordinance would not take effect until approved by the California Coastal Commission. *Id.* at

13. Hence the court held that appellants' claims were unripe with respect to 10 of the ordinances because the claims were advanced prior to any event which could cause the ordinances to be applied to any of appellants' members. *Id.* at 7–13.

proceeding." *Hooker Chem. Co. v. EPA,* 642 F.2d 48, 52 (3d Cir.1981) (citing *Klein v. Califano,* 586 F.2d 250, 255–56 (3d Cir. 1978) (en banc)). We agree with the position of the Third Circuit and hold that because appellants concede that contested issues could arise again, controversy still smoulders. The case, therefore, cannot be moot.

■ Having held that this action should not be dismissed as moot, we now consider whether appellants have presented a concrete case or controversy. In deciding whether an issue is ripe for review, the court "evaluate[s] both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148–49, 87 S.Ct. 1507, 1515–16, 18 L.Ed.2d 681 (1967); *see also Standard Alaska Prod. Co. v. Schaible,* 874 F.2d 624, 627 (9th Cir.1989), *petition for cert. filed,* No. 89–1375 (Feb. 27, 1990); *Western Oil & Gas Assoc. v. EPA,* 633 F.2d 803, 807 (9th Cir.). The court inquires whether the controversy generated is essentially legal in nature or whether further factual amplication is necessary. In addition, we assess potential hardship to the parties if review is denied. *See Winter v. Cal. Medical Review,* 900 F.2d 1322, 1324 (9th Cir.1990); *Schaible,* 874 F.2d at 627; *Portland Police Ass'n v. City of Portland,* 658 F.2d 1272, 1273 (9th Cir.1981).

■ Appellants have not satisfied the fitness requirement. The disagreement between the oil industry and the local governments is not clearly framed by the record before us. It remains to be seen whether any of the leases remaining off the California coast will ever be offered for sale. If the leases are never offered for sale, then the new ordinances will never come into play. Because of this factual gap, a strictly legal issue is not presented to us. *See Shell Oil Co. v. City of Santa Monica,* 830 F.2d 1052, 1062 (9th Cir.1987). Thus, the entire case is far too speculative for resolution by a federal court. Further delineation of the facts is necessary to shape the issues for review.

■ Nor are we convinced that the hardship test has been met. To meet the hardship requirement, a litigant must show that "withholding review would result in 'direct and immediate' hardship and would entail more than possible financial loss." *Winter,* at 1324 (quoting *State of Cal. Dep't of Educ. v. Bennett,* 833 F.2d 827, 833 (9th Cir.1987); *see also Portland Police Ass'n,* 658 F.2d at 1273. The hardship claimed by appellants is that the mere existence of the ordinances somehow interferes with the right of oil companies to bid on Outer Continental Shelf leases. Appellants premise this argument on their contention that the ordinances are preventing the oil industry from engaging in Outer Continental Shelf leasing and development. We need not decide, at least at this time, how the ordinances affect what appellants call their "right to bid." The ordinances currently are not impeding the oil companies' ability or motivation to evaluate or bid on the leases. It is the congressional moratorium, not the ordinances, that is prohibiting such activity at this time. We see no hardship to appellants' bidding rights by denying review when no leases are being offered for bid.

## II

■ Offshore of San Luis Obispo County, Shell Oil Company, a member of appellant WOGA, has obtained an OCS lease which it originally proposed to develop and service with onshore facilities in San Luis Obispo County. At one point, Shell applied for a permit under the San Luis Obispo ordinance which appears to have been denied by a popular vote. The election was nullified by the County, however, for reasons that the record does not make clear. The record suggests that Shell has abandoned the San Luis Obispo project, that no other development has been proposed, that a new vote was never held, and that the offshore San Luis Obispo lease is now being serviced from onshore facilities in Santa Barbara County. Although the record suggests that the controversy involving Shell's lease may be moot, we cannot be certain because the relevant facts are not adequately developed in the record before

us. Accordingly, we remand the question of mootness with respect to Shell's lease offshore San Luis Obispo County.

### III

The claims involving appellees Sonoma County, San Mateo County, Monterey County, County of Santa Cruz, City and County of San Francisco, City of Monterey, City of Morro Bay, City of San Luis Obispo, and City of Santa Cruz are unripe. Accordingly, we AFFIRM the judgment of the district court on the ground that these claims are unripe. We therefore do not reach the merits of appellants' claims and accordingly VACATE the district court's findings on the merits of these claims. The questions involving San Luis Obispo County are REMANDED to the district court for further factual development and proceedings consistent with this opinion.