967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Waldo E. WALDRON-RAMSEY, Plaintiff-Appellant,
v.
ALAMEDA COUNTY, et al., Defendants-Appellees.
 No. 91-15367.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 17, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Waldo E. Waldron-Ramsey appeals pro se the district court's denial of his motion to amend the judgment in his 42 U.S.C. § 1983 action. We review for an abuse of discretion, Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989), and we affirm.
 
 
 3
 Waldron-Ramsey contends that the district court erred in dismissing with prejudice his claim for injunctive relief based on the ground that the claim was moot. This contention lacks merit.
 
 
 4
 "[A] case becomes moot when 'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " Murphy v. Hunt, 455 U.S. 478, 481 (1982) (quotations omitted); Western Oil & Gas Ass'n v. Sonoma County, 905 F.2d 1287, 1290 (9th Cir.1990), cert. denied, 111 S.Ct. 784 (1991).
 
 
 5
 In his complaint, filed in 1988, Waldron-Ramsey sought to enjoin certain witnesses from testifying at his state criminal trial. While the action was pending, Waldron-Ramsey's criminal trial ended, and the witnesses already have testified. Accordingly, because the district court could not "enjoin a past occurrence," it did not abuse its discretion by dismissing with prejudice Waldron-Ramsey's claim for injunctive relief. See id.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Waldron-Ramsey argues that his claim for injunctive relief should have been dismissed without prejudice because (1) injunctive relief may be available in the future, if he is retried; and (2) he was denied access to legal materials when he was preparing the complaint. The first argument fails because the mere possibility that the conduct will recur does not create a live issue. See Williams v. Alioto, 549 F.2d 136, 142 (9th Cir.1977). The second argument also fails because it has no bearing on the issue of mootness