988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George F. SEMEIL, Plaintiff-Appellant,
v.
Michael O'CONNOR; et al., Defendants-Appellees.
 No. 91-55064.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-89-1227-RB, Robert C. Bonner, District Judge, Presiding.
 C.D.Cal.
 DISMISSED IN PART AND AFFIRMED IN PART.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George F. Semeil appeals pro se the district court's order granting defendants' motion to dismiss his 42 U.S.C. § 1983 action for failure to serve process within 120 days of filing the complaint or, in the alternative, for failure to prosecute. We have jurisdiction pursuant to 28 U.S.C. § 1291. We dismiss in part and affirm in part.
 
 
 3
 Semeil brought this section 1983 action seeking injunctive relief and monetary damages against several employees of Atascadero State Hospital ("Atascadero").[1] Liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1971) (per curiam), Semeil's amended complaint alleges that defendants retaliated against him for filing a complaint and that being housed with inmates who are known to be infected with HIV poses an unreasonable risk of harm to his health.[2] Defendants moved to quash service or dismiss the complaint for failure to serve the complaint within 120 days after its filing or, in the alternative, to dismiss the action for failure to prosecute. The district court granted defendants' unopposed motion and dismissed the action without leave to amend.
 
 I.
 
 4
 While neither party has raised the issue of mootness, we consider our jurisdiction sua sponte. United States v. Yakima Tribal Court, 806 F.2d 853, 857 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). Federal courts lack jurisdiction to decide moot cases because our constitutional authority extends only to actual cases or controversies. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam). A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. Western Oil & Gas Ass'n v. Sonoma County, 905 F.2d 1287, 1290 (9th Cir.1990), cert. denied, 111 S.Ct. 784 (1991).
 
 
 5
 Here, the only injunctive relief that Semeil requested was a court order removing him from Atascadero. Semeil informed this court on 26 November 1991, however, that he is no longer incarcerated at Atascadero. Because Semeil has been released he no longer has a legal interest in present conditions at Atascadero. We therefore dismiss Semeil's appeal of the dismissal of his claim seeking injunctive relief as moot. See Western Oil & Gas Ass'n, 905 F.2d at 1290; Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986).
 
 II.
 
 6
 We review a dismissal for failure to serve within 120 days of filing for abuse of discretion. Puett v. Blandford, 912 F.2d 270, 273 (9th Cir.1990). In cases involving plaintiffs proceeding in forma pauperis, the U.S. Marshal, upon order of the court, is authorized to serve the summons and complaint. See 28 U.S.C. § 1915(c); Boudette v. Blandford, 923 F.2d 754, 757 (9th Cir.1991). An incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the marshal for service of the summons and complaint and should not be penalized by having his action dismissed for failure to effect service where the marshal or the court clerk has failed to perform his duties. Puett, 912 F.2d at 275. Nevertheless, the plaintiff who relies on the marshal for service must provide the necessary information and documents to help effectuate service. Id.
 
 
 7
 To avoid dismissal, the plaintiff must show "good cause" for failing to serve the complaint and summons within 120 days after filing. Id.; Boudette, 923 F.2d at 755. Service of a complaint which is different than the one before the court does not constitute compliance with Rule 4(j) because that rule requires service of the filed complaint. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1529 (9th Cir.1990).
 
 
 8
 Here, Semeil filed his complaint on 2 March 1989.[3] On 9 March 1989 the district court dismissed the complaint sua sponte for failure "to state any federal claim against any defendant in the caption." Semeil filed an amended complaint on 30 March 1989 and on 3 April 1989 the district court authorized the marshal to proceed with service of process upon defendants Nemeth, Miller, Sullivan and Buchanan. The district court record indicates that Semeil did not initially provide the marshal with the summons and complaint, but that the marshal eventually received the summons and the complaint on 22 June 1990. The marshal served the defendants on 26 June 1990. Semeil, however, had provided the marshal with the copy of the complaint that had been already been dismissed. Thus, the defendants were served the wrong complaint.
 
 
 9
 Semeil failed to provide the marshal with documents necessary for proper service for fourteen months, and thus, may not rely on the marshal's inaction in attempting service to establish "good cause." See Puett, 912 F.2d at 275. Moreover, since Semeil ultimately provided the marshal with the wrong version of the complaint, he has not complied with Rule 4(j). See West Coast Theatre Corp., 897 F.2d at 1528. Because Semeil has failed to establish "good cause" for his failure to serve the summons and complaint on the defendants within 120 days, the district court did not abuse its discretion by dismissing his damage claim pursuant to Rule 4(j). See Fed.R.Civ.P. 4(j); Boudette, 923 F.2d at 755.
 
 
 10
 Semeil's appeal of the district court's dismissal of his claim for injunctive relief is dismissed as moot. We affirm the district court's dismissal of Semeil's damage claim for failure to serve the summons and complaint within 120 days of the filing of the complaint and for failure to prosecute.
 
 
 11
 DISMISSED IN PART and AFFIRMED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The complaint was originally filed by Semeil and John Scott Carver. Carver, however, did not join Semeil in this appeal, nor has he filed a separate notice of appeal. Thus, we limit our review to the claims that Semeil has standing to appeal. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986) (each party wishing to appeal pro se must personally sign the notice of appeal)
 
 
 [2]
 Semeil purported to bring this complaint on behalf of a low-functioning patient who was sexually assaulted by another inmate known to be infected with HIV. Semeil, however, lacks standing to litigate this claim. See, e.g., Tileston v. Ullman, 318 U.S. 44, 46 (1943) (per curiam); Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir.1986) (federal courts reluctant to recognize third-party standing)
 
 
 [3]
 Semeil's complaint was originally filed in the Northern District of California on 27 January 1989. On 17 February 1989 the district court transferred the action sua sponte to the Central District of California. The complaint was then filed in the Central District on 2 March 1989