**Timothy Jon ROBLES, Petitioner–Appellant,**

v.

**Cameron LINDSAY; et al., Respondents–Appellees.**

**No. 03–56269.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 22, 2004.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Timothy Jon Robles appeals the dismissal by the district court of his 28 U.S.C. § 2241 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing *de novo, Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988), we affirm.

Robles contends that the district court erred in dismissing his § 2241 petition based on its finding that he was no longer "in custody." We disagree. It is a statutory jurisdictional prerequisite that habeas applicants be in custody at the time of filing. *See* 28 U.S.C. § 2241(c). Most of Robles' claims challenge various acts or omissions by the Parole Commission, all of which arose from his 1989 conviction for trafficking cocaine. Robles was released from the sentence imposed for his 1989 conviction on November 13, 2001, roughly eight months before he filed his § 2241 petition with the district court. Robles was therefore not in custody at the time he filed his habeas petition and the district court was correct in finding that it lacked subject-matter jurisdiction. *See Maleng v. Cook,* 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

With respect to Robles' claims involving alleged wrongdoing by the Bureau of Prisons, the record indicates that either the factual basis of these claims did not occur or that they already have been remedied. Accordingly, the district court properly dismissed these claims as being either unripe or moot. *See Western Oil & Gas Ass'n v. Sonoma County,* 905 F.2d 1287, 1290 (9th Cir.1990).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.