Charles Edward PUETT,
Plaintiff/Appellant,

v.

BLANDFORD, Sgt., Federal Park Police; Newton Sikes; Tom Girard; John Girard, Defendants/Appellees.

No. 89–15136.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 1989 *.

Decided Feb. 8, 1990.

As Amended on Denial of Rehearing Aug. 1, 1990.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Charles Edward Puett, Tracy, California, pro se.

William A. Maddox, U.S. Atty., Las Vegas, Nev., for defendants/appellees.

Before FARRIS, PREGERSON and RYMER, Circuit Judges.

PREGERSON, Circuit Judge:

Charles Edward Puett, an incarcerated state prisoner, appeals pro se from an order of the United States District Court for the District of Nevada dismissing his civil rights action for failure to effect service of the summons and complaint as required by Federal Rule of Civil Procedure 4(j). For the reasons stated below, we vacate the district court's order and remand for service by the United States Marshal in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure.

1. *See Bivens v. Six Unknown Named Agents of The Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

2. Local Rule 160–2 provides in relevant part: All papers required under these Rules or the Federal Rules of Civil Procedure to be served shall be served in conformity with the Federal

## BACKGROUND

On February 19, 1988, appellant Charles Puett filed pro se, in the United States District Court for the District of Nevada, a civil rights complaint against federal officials pursuant to 42 U.S.C. § 1983. Puett also filed a motion to proceed in forma pauperis. The court granted Puett leave to proceed in forma pauperis but dismissed the complaint with leave to amend because § 1983 pertains to state not federal agents.

Puett then brought a *Bivens* [1] action in an amended complaint filed on March 2, 1988. The amended complaint alleged that federal agents and two private individuals acted together to violate Puett's Fourth Amendment rights by impounding his possessions without a warrant or probable cause. Puett named as defendants Newton Sikes, Chief Park Ranger of Lake Mead National Recreation Area, Sgt. Mike Blandford of the Federal Park Police, and John and Tom Girard, private citizens. The court issued an order on March 3, 1988 providing for service of the summons and amended complaint by the United States Marshal and requiring Puett to supply the Marshal with the necessary information and documents. The record shows that the Marshal mailed copies of the summons and amended complaint to Sikes and Blandford on March 10 and to John and Tom Girard on March 24.

Puett requested proof of service from the Marshal on April 27. He was informed that the defendants never acknowledged receipt of the mailed summons and complaint and that therefore the documents were not considered served. Puett immediately sent the district court clerk a motion, dated May 3, 1988, requesting personal service of the defendants by the U.S. Marshal pursuant to Fed.R.Civ.P. 4 and Nevada District Court Local Rule 160–2(b).[2] After

Rules of Civil Procedure. However, the United States Marshal for the District of Nevada will not serve civil process except in the following circumstances:
(a) Service of process on behalf of the United States of America;

Puett complied with the clerk's response that he must also submit a proposed order, the motion was filed on May 18. On September 14, the court denied Puett's motion for personal service, stating that Local Rule 160–2(b) does not require the Marshal to effectuate personal service after having unsuccessfully attempted mail service.

Then on September 15, 1988, the court sent Puett a notice of intention to dismiss pursuant to Fed.R.Civ.P. 4(j) for failure to show proof of service within 120 days of the filing of the complaint. The court gave Puett until September 30 to show proof of service or good cause for its absence. In response, Puett again filed a motion requesting that the court direct the U.S. Marshal to effect personal service on the defendants. In his motion, Puett explained that he had done everything he could from prison to effectuate service. Puett included documents showing that he had received letters from defendant Newton Sikes of the National Park Service which showed that both Sikes and defendant Sgt. Mike Blandford *were* located at the address to which copies of the summons and amended complaint were mailed by the Marshal. Puett also moved for a restraining order to prevent defendants from giving away, selling, or destroying his impounded property.

On November 15, 1988, in response to its September 15 notice, the court issued an order stating that "plaintiff has submitted documentation to the court which suggests he has made a good faith effort to serve the summons and complaint upon the defendants," and that, therefore, he would be allowed 60 additional days to obtain proof of service in compliance with Fed.R.Civ.P. 4(j). The court ordered the Clerk to "reissue summons on the complaint directed to each of the defendants, and deliver them to the United States Marshal for service." The court denied Puett's request for the restraining order, but apparently granted it six days later in an order filed November 22.

(b) Service of process pursuant to a specific order of a judge or magistrate of this court; and

Although there is no official documentation, the record suggests that Puett, at the request of the clerk, again filled out the necessary documents for service of copies of the summons and amended complaint and sent them to the Marshal's office on November 23 with a letter requesting personal service on the defendants and that the "United States Attorney be served as the attorney for the defendants under Fed. R.Civ.P. 4(4)(d) [sic]." It also appears that Puett included a notice to be signed and returned to him by the Marshal indicating whether service was by mail or in person. There is no evidence in the district court record that the U.S. Marshal ever served these copies of the summons and complaint by mail or in person. However, Puett submitted to this court on March 30, 1989 a "Motion to Add Just Received Evidence" which indicates that he had just received from the U.S. Marshal a "process receipt and return" showing that the U.S. Attorney had been served by certified mail on December 7, 1988.

On December 18, 1988, the district court again issued a notice of intention to dismiss pursuant to Fed.R.Civ.P. 4(j) if no proof of service or good cause was shown by January 5, 1987. Puett responded by sending the court a "Motion for Review," again requesting personal service on the defendants by the U.S. Marshal and explaining all he had done to effectuate service. He expressed frustration that plaintiffs who file in forma pauperis seem to have no rights because "all defendants have to do is not respond to the Marshals service and the case will be dropped."

This "Motion for Review," received by the district court on December 27, 1988, was never filed; it was sent back to Puett because it did not conform to Local Rule 155, which requires that a form order be filed *separately* with the motion. Puett had included a proposed order as part of the last page of his motion.

On January 10, 1989, the district court ordered Puett's case dismissed without

(c) Service of process in aid of attachment or execution.

prejudice pursuant to Fed.R.Civ.P. 4(j). The court found that Puett had failed to show good cause why he had not effected timely service.

Puett appeals the dismissal and requests a remand to the district court for an order requiring service of the summons and complaint by the U.S. Marshal. Puett contends that (1) the district court should have filed and considered his "Motion for Review" instead of returning it as a violation of Local Rule 155, and that this motion showed that Puett was dependent on the U.S. Marshal for service and that the failure to obtain proof of service was out of his control as he had done all he could do from prison; (2) the clerk did not properly follow the district court's November 15 order because the clerk did not reissue and deliver the summons to the Marshal, but instead, sent the papers to Puett to fill out and mail to the U.S. Marshal; (3) the 60 additional days Puett had been given to effect service in the November 15 order had not yet lapsed when the district court dismissed the action on January 10, 1989; (4) the district court erred in not directing the U.S. Marshal to effect personal service on the defendants after mail service was unsuccessful.

## DISCUSSION

■ Federal Rule of Civil Procedure 4(j) provides:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. . . .

Fed.R.Civ.P. 4(j). We review a district court's dismissal of a complaint pursuant to Rule 4(j) for abuse of discretion. *Townsel v. County of Contra Costa, Cal.*, 820 F.2d 319, 320 (9th Cir.1987); *Wei v. Hawaii*, 763 F.2d 370, 371 (9th Cir.1985).

■ Under Federal Rule of Civil Procedure 4(c)(2)(B)(i) a party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal.[3] *Romandette v. Weetabix Co.*, 807 F.2d 309, 310 n. 1 (2nd Cir.1986). Similarly, 28 U.S.C. § 1915(c) provides that in cases in which a court authorizes a plaintiff to proceed in forma pauperis the "officers of the court shall issue and serve all process." In *Davis v. Department of Corrections*, 446 F.2d 644 (9th Cir.1971), we held that the district court's dismissal of an action brought by a plaintiff proceeding in forma pauperis for failure to effect service was erroneous because under 28 U.S.C. § 1915(c) the officers of the court should have effected service. *Id.* at 645. Here, the U.S. Marshal did attempt to effect service, but as will be shown below, the attempts were deficient because they were not in accordance with the Federal Rules of Civil Procedure. We therefore must consider the extent to which an incarcerated pro se plaintiff proceeding in forma pauperis may rely on the U.S. Marshal to effect proper service and when that reliance may constitute good cause for failing to comply with Rule 4(j).

At least two other circuits have considered this precise issue. *See Rochon v. Dawson*, 828 F.2d 1107 (5th Cir.1987); *Romandette*, 807 F.2d 309; *see also Korkela v. National Security Agency*, 107 F.R.D. 229 (E.D.N.Y.1985) (finding that the plaintiff had good cause under Fed.R.Civ.P. 4(j)

---

**3.** Federal Rule of Civil Procedure 4(c)(2)(B) provides: A summons and complaint shall, at the request of the party seeking service or such party's attorney, be served by a United States marshal or deputy United States marshal, or by a person specially appointed by the court for that purpose, only—

(i) *on behalf of a party authorized to proceed in forma pauperis pursuant to Title 28, U.S.C. § 1915* . . . .

(ii) on behalf of the United States or an officer or agency of the United States, or
(iii) pursuant to an order issued by the court stating that a United States marshal or deputy United States marshal, or a person specially appointed for that purpose, is required to serve the summons and complaint in order that service be properly effected in that particular action.

Fed.R.Civ.P. 4(c)(2)(B) (emphasis added).

for failing to serve defendants in a timely manner where the failure was due to deficient service by the U.S. Marshal). *Cf. Mondy v. Secretary of the Army*, 845 F.2d 1051 (D.C.Cir.1988) (holding that statutory 30–day limit for filing a Title VII claim against government employer is equitably tolled where in forma pauperis plaintiff relied on the U.S. Marshal to issue and serve process but marshals delayed service for almost four months).

In *Romandette* the district court dismissed a products liability action by an incarcerated pro se plaintiff proceeding in forma pauperis for failure to effect service of the summons and complaint. The U.S. Marshal had mailed the summons to the defendant by first class mail pursuant to Federal Rule of Civil Procedure 4(c)(2)(C)(ii), *see infra* note 4. The defendant acknowledged receipt of the summons by signing and returning the enclosed acknowledgment form, but asserted as an affirmative defense Romandette's failure to effect personal service in accordance with New York law. After the district court rejected this defense and the Marshal's Service indicated that it would personally serve the defendant, the case was reassigned to another court. There, the defendant moved for dismissal on the grounds that personal service had never been effected and the court granted the motion. Apparently, despite a request by the plaintiff that the Marshal effect personal service, the Marshal did not perform the service until three months after the case had been dismissed. *Id.* at 309–311.

The Second Circuit found, *inter alia,* that the district court's dismissal was not warranted by Federal Rule of Civil Procedure 4(j) because the plaintiff exhibited good cause for failing to meet the 120–day limit for effecting service:

> As an incarcerated *pro se* litigant proceeding *in forma pauperis*, [plaintiff] was entitled to rely on service by the U.S. Marshals, *see* Fed.R.Civ.P. 4(c)(2)(B)(i). He indicated to the court his reliance on service by the Marshals and he timely requested that the Marshals effect personal service.

*Id.* at 311. In its holding, the Second Circuit impliedly approved of the first district court's decision to reject the affirmative defense of failure to effect personal service. That district court found that "it would not be in the interest of justice ... to penalize plaintiff for his reliance on the actions of the U.S. Marshal's service." *Id.* at 310 (quoting the district court's Memorandum Opinion, July 2, 1985). The Second Circuit emphasized that the plaintiff had done "everything in his power" to effect personal service through the Marshal's Service. *Id.* at 311.

In *Rochon v. Dawson*, 828 F.2d 1107 (5th Cir.1987) the Fifth Circuit adopted the Second Circuit's reasoning in holding that "a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Id.* at 1110. The court also found, however, that this reliance on the U.S. Marshal does not mean that a plaintiff may remain silent and do nothing to help effectuate service: "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.*

The court in *Rochon* was reviewing a district court's dismissal of an action for failure to prosecute pursuant to a local rule because the defendant was never properly served. The court upheld the dismissal, finding that it was due to the plaintiff's own "inaction and dilatoriness" that the defendant was not served and that, therefore, the plaintiff was not being penalized for relying on the U.S. Marshal and clerk of the court to effect service. *Id.* The court based its decision on the fact that the plaintiff was aware that the U.S. Marshal's attempts at serving the defendant by mail had been unsuccessful but nonetheless failed to request that the Marshal properly serve the appropriate defendant. *Id.*

We agree with the reasoning of the Second Circuit in *Romandette*, 807 F.2d 309, and the Fifth Circuit in *Rochon*, 828

F.2d 1107. Therefore, we hold that an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure.

In the instant case, it appears that the U.S. Marshal did not properly serve the defendants under Rule 4 of the Federal Rules of Civil Procedure, and that improper service may very well be the reason Puett was not able to obtain proof of service. Federal Rule 4(d)(1) requires that service upon an individual be made by "delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode...." Rule 4(c)(2)(C)(ii) allows for service by first class mail upon individuals, but dictates that if no acknowledgment of service is received by the sender within 20 days of mailing, service should be effectuated under Rule 4(d)(1).[4] Federal Rule 4(d)(5) provides that if the defendant is an officer or agency of the United States, service must be effectuated by "serving the United States[5] and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency."

This case does not present, and we need not address, the question whether service upon federal officers under both 4(d)(1) *and* 4(d)(5) is required in a *Bivens* action. Compare *Johnston v. Horne*, 875 F.2d 1415, 1424 (9th Cir.1989) (where a plaintiff seeks damages from a federal defendant in his individual capacity in a *Bivens* action, personal service under 4(d)(1) must be effectuated) *with Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir.1988) (in a *Bivens* action, "the plaintiff must accomplish personal service under Rule 4(d)(1); the United States also must be served under Rule 4(d)(5)"). Here, the U.S. Marshal did not effect proper service under either rule.

■ In March, the U.S. Marshal merely sent the summons and complaint to Sikes and Blandford via regular mail and there is no indication that the U.S. Marshal properly served Sikes or Blandford under Rule 4(d)(5) by certified or registered mail after the court's November 15 order granting Puett 60 additional days to effect process. The additional evidence that Puett has filed with this court shows that the U.S. Attorney was served, but that was by certified mail rather than delivery, and there is no evidence that copies were mailed to the U.S. Attorney General, as required under Rule 4(d)(4).

■ Neither was individual service under Rule 4(d)(1) properly carried out. While service by regular mail upon Sikes, Blandford, Tom Girard, and John Girard was initially proper under Rule 4(c)(2)(C)(ii),

**4.** Federal Rule of Civil Procedure 4(c)(2)(C)(ii) provides:

A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) [individuals] or (3) [corporations, etc.] of subdivision (d) of this rule—
. . . .
(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons

and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3) [personal service].

**5.** Pursuant to Federal Rule of Civil Procedure 4(d)(4), the United States must be served

by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington....

the court erred in not granting Puett's motion for personal service after mail service proved unsuccessful. The district court apparently read Local Rule 160–2(b) as allowing the court to determine the method to be used by the U.S. Marshal in serving copies of the summons and complaint. However, this Local Rule cannot be read to impinge on the rights of pro se plaintiffs proceeding in forma pauperis to adequate assistance by the U.S. Marshal in the service of a summons and complaint. *See* Fed.R.Civ.P. 4(c)(2)(B)(i); *see also* Fed. R.Civ.P. 83 (providing that "Each district court ... may ... make and amend rules governing its practice *not inconsistent with these rules.*" (emphasis added)). Federal Rule 4(c)(2)(C)(ii) requires personal service if the mailed summons and complaint have not been acknowledged within 20 days. If Puett is entitled to rely on service by the Marshal, he should not be penalized by the court's failure to enforce a more effective method of service, a method that is specifically required under the Federal Rules.[6]

■ The record reveals that Puett's failure to obtain proof of service was certainly not due to his neglect. He conscientiously took numerous steps to ensure that the defendants would be served. The district court acknowledged his diligence in granting him 60 additional days in which to comply with Rule 4(j), but there is no evidence in the record that the court or the U.S. Marshal took the proper steps during this time to serve copies of the summons and complaint effectively. Puett obtained proof that the federal defendants were, indeed, at the address that he provided to the U.S. Marshal. He repeatedly requested that the defendants be personally served when mail service failed and even tried to follow the Rules of Civil Procedure by eventually requesting service upon the United States. If this court found that it was enough, pursuant to Local Rule 160–2(b), for the U.S. Marshal to effect only regular mail service on behalf of incarcerated pro se plaintiffs proceeding in forma pauperis, then Puett would be correct in stating that "all defendants have to do is not respond to the Marshals service and the case will be dropped." Such a result was certainly not contemplated by the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 4(c)(2)(B)(i), Fed.R.Civ.P. 83.

Therefore, we hold that the district court abused its discretion in dismissing Puett's case because Puett had good cause for not showing proof of service within the 60 days that the judge had allotted him.[7] We vacate the district court's dismissal and remand this matter so that proper service may be effectuated through the U.S. Marshal.

REVERSED and REMANDED.

---

**6.** The legislative history of the Federal Rules of Civil Procedure Amendments Act of 1982, Pub.L. No. 97–462, 96 Stat. 2527 (Jan. 12, 1983) supports this analysis:

> [T]he Marshals Service may utilize the mail service authorized by Rule 4(c)(2)(C)(ii) when serving a summons and complaint under Rule 4(c)(2)(B)(i)(ii). When serving a summons and complaint under Rule 4(c)(2)(B)(iii), however, the Marshals Service must serve in the manner set forth in the court's order. If no particular manner of service is specified, then the Marshals Service may utilize Rule 4(c)(2)(C)(ii). It would not seem to be appropriate, however, for the Marshals Service to utilize Rule 4(c)(2)(C)(ii) in a situation where a previous attempt to serve by mail failed. Thus, it would not seem to be appropriate for the Marshals Service to attempt service by regular mail when serving a summons and complaint on behalf of a plaintiff who is proceeding *in forma pauperis* if that plaintiff previously attempted unsuccessfully to serve the defendant by mail.

128 Cong.Rec. H30929, 30932 n. 16 (1982).

**7.** We note also that the district court dismissed the action before the 60 days had run.