69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth RANSOM, Plaintiff-Appellant,
v.
STATE OF ARIZONA, et al., Defendants-Appellees.
 No. 94-16427.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Oct. 16, 1995.
 
 1
 Before: SNEED, KOZINSKI, and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Arizona State Prisoner Kenneth Ransom appeals pro se dismissal of his Sec. 1983 action against various defendants affiliated with the Arizona Department of Corrections. That action alleged that prison officials were deliberately indifferent to his medical needs when they allowed a cell door to open without prior warning, severing the tip of his thumb, and when they failed to provide prompt and adequate medical treatment. This court has jurisdiction over his timely appeal under 28 U.S.C. Sec. 1291.
 
 FACTS AND PROCEEDINGS
 
 4
 On July 30, 1991, the automated door to Ransom's cell opened suddenly while Ransom's hands were resting on the bars, with the result that the tip of Ransom's thumb was completely severed. According to Ransom and other prisoners, guards had been instructed to yell a warning before opening the doors, but Officer DeLeon, the guard on duty, did not do so at any time on his shift. After the injury Ransom was escorted to the prison Health Unit while a guard picked up the severed tissue and put it on ice. The Health Unit staff dressed the wound and ordered Ransom transferred to Pinal General Hospital. According to Ransom, he received no pain medication at the Health Unit despite his extreme pain, and it was twenty minutes before guards transported him to Pinal Hospital. He arrived at the hospital at 6:30 p.m., nearly an hour after the incident, still in extreme pain. The state claims that Pinal Hospital physicians injected Ransom with xylocaine and lidocaine in order to deaden the pain, but Ransom disputes that. From Pinal Ransom was referred to the Hand Clinic at the Maricopa Medical Center in Phoenix, and he arrived there at 8:41 p.m. Doctors at the Hand Clinic determined that the tissue could not be reattached, put a final dressing on the wound, and recommended that the prison doctor prescribe antibiotics and Percocet, a narcotic pain killer. After he was returned to the prison Ransom received some pain medication and treatment at the Health Unit, but the prison doctor, Dr. Stapler, prescribed a milder narcotic than that recommended by the specialists at the Hand Clinic.
 
 
 5
 Ransom's Sec. 1983 complaint alleged that Officer DeLeon violated his Eighth Amendment rights by activating the door without issuing the warning that he had been instructed to call out, and that the deputy warden, doctor, and health unit administrator violated the Eighth Amendment by failing to provide for prompt and adequate health care. Ransom also made pendent state negligence claims against all defendants.
 
 
 6
 The district court granted Ransom's motion to proceed in forma pauperis and on July 2, 1991, the court ordered the United States Marshal Service to serve all defendants with the Summons and Second Amended Complaint. After mailing process to the defendants the Marshal Service received signed returns from all defendants except Officer DeLeon. On August 21, 1991, the U.S. Marshal certified that he was unable to locate officer DeLeon, who was "no longer at" the Arizona State Prison.
 
 
 7
 On August 26, 1991, the state filed a motion to dismiss defendants Avenenti, Norrish and Stapler for failure to state a claim, and noted that DeLeon had not been served. On February 11, 1993, the court granted the motion to dismiss for failure to state a claim as to Deputy Warden Avenenti and denied the motion as to Defendants Norrish and Stapler. Without giving Ransom an opportunity to show cause why DeLeon was not served, the court dismissed DeLeon for failure to effect timely service.
 
 
 8
 On October 21, 1993, the state filed a motion for summary judgment on behalf of Health Unit Administrator Norrish and Dr. Stapler. The court granted summary judgment to those defendants on July 18, 1994, and, declining to exercise pendent jurisdiction over Ransom's state negligence claims, dismissed Ransom's action. The court found that there were no genuine issues of material fact concerning (1) whether the Health Unit provided speedy enough access to adequate health care and (2) whether Dr. Stapler had interfered with his treatment by prescribing a milder narcotic than that recommended by the Hand Clinic.
 
 
 9
 Ransom timely appealed dismissal of his claims against DeLeon, Avenenti, Norrish and Stapler.
 
 ANALYSIS
 
 10
 I. THE DISTRICT COURT ERRED IN DISMISSING OFFICER DELEON FOR FAILURE TO EFFECT SERVICE OF PROCESS
 
 
 11
 In Puett v. Blandford, 895 F.2d 630, 635 (9th Cir. 1990), we held that "an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal ... failed to perform the duties required ... under ... Rule 4 of the Federal Rules of Civil Procedure." Rule 4 dictates "that if no acknowledgment of service is received by the sender within 20 days of mailing, personal service should be effectuated."
 
 
 12
 Here the Marshal Service did not follow through after receiving the unexecuted summons; it was obliged to find DeLeon and to serve him personally. The state apparently knew DeLeon's whereabouts, since it intended to call DeLeon as a witness, but refused to disclose those whereabouts to Ransom or the Marshal Service. As we said in Puett, 895 F.2d at 637, "If this court found that it was enough ... for the U.S. Marshal to effect only regular mail service on behalf of incarcerated pro se plaintiffs proceeding in forma pauperis ... all defendants would have to do is not respond to the Marshal's service and the case will be dropped. Such a result was certainly not contemplated by the Federal Rules of Civil Procedure."
 
 
 13
 In its order granting summary judgment for Norrish and Stapler, the district court noted that even if DeLeon had been timely served, Ransom's allegations regarding DeLeon "would not rise to the level of a constitutional violation. At most, [Ransom] could state a negligence claim against DeLeon." That statement raises the question of whether dismissing DeLeon for failure to effect timely service was harmless error.
 
 
 14
 Ransom's complaint alleges that "due to the fact that many inmates were being injured by opening and closing doors, a policy and custom was made that officers holler out 'doors opening"' before activating the doors, that DeLeon knew of the policy, and that he deliberately failed to give the warning throughout his shift. If those allegations were true, DeLeon's conduct might have violated the Eighth Amendment under Farmer v. Brennan, 114 S.Ct. 1970, 1984 (1994), in which the Supreme Court held that a "prison official may be held liable under the Eighth Amendment ... if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."
 
 
 15
 Because Ransom was entitled to rely on the United States Marshal to effect timely service, and the Marshal should have taken steps to effect personal service after receiving the unexecuted return for DeLeon, we remand to the district court with instructions to vacate the order dismissing DeLeon and to compel the Marshal to serve him.
 
 
 16
 II. THE COURT DID NOT ERR IN DISMISSING DEPUTY WARDEN AVENENTI FOR FAILURE TO STATE A CLAIM
 
 
 17
 The court, without explication, dismissed Ransom's action against Deputy Warden Avenenti for failure to state a claim. A Rule 12(b)(6) dismissal is reviewed for an abuse of discretion. Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir. 1992) (en banc). Dismissal for failure to state a claim is error unless, taking all material allegations as true, it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id.
 
 
 18
 Ransom alleged that Avenenti failed to "train and supervise corrections transportation officers in speedy medical emergency procedures" and was deliberately indifferent "to having adequate and speedy medical emergency transportation to hospitals." He did not allege that Avenenti was directly or personally involved in the events surrounding his injury. The complaint spells out in some detail the allegations concerning those events: after the injury, Ransom spent "30 to 35 minutes" in the Health Unit before being ordered transported to the Pinal County General Hospital; there was an additional 20 to 25 minute delay at the front gate before transportation officers drove plaintiff to the hospital; doctors at Pinal County Hospital recommended that Ransom be seen at Maricopa Medical Center, which took an additional two hours to reach; when he finally arrived at the Medical Center, doctors there informed him that "too much time had elapsed ... to save the thumb tip by grafting it back on."
 
 
 19
 In Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982) this court held that prison officials show deliberate indifference to serious medical needs when they fail to provide "reasonably speedy access" to medical staff or outside physicians able to treat medical problems.
 
 
 20
 Dismissal of Avenenti for failure to state a claim was appropriate because taking all of the allegations as true, prison policies concerning transportation to outside physicians and the actual transportation of Ransom on the night of his injury were constitutionally adequate under Hoptowit. The court did not abuse its discretion, therefore, in dismissing Avenenti.
 
 
 21
 III. THE COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT TO THE HEALTH UNIT ADMINISTRATOR AND TREATING PHYSICIAN
 
 
 22
 The district court denied a motion to dismiss Norrish and Stapler for failure to state a claim, but later granted summary judgment in their favor. In the order granting summary judgment the court found that "deliberate indifference is not evident in the Health Unit mechanism or in its management by Norrish," noting that "Ransom was treated in fairly rapid succession at three different medical facilities," that he "visited the Health Unit 23 times in the 30 days after the injury," and that he "was taken for two visits to the Maricopa Medical Center Hand Clinic." The court also found that Dr. Stapler, a staff physician at the prison Health Unit, was not deliberately indifferent to Ransom's suffering; she responded to his complaints by "issuing the maximum dosage of Darvocet" and she "operated within her reasonable discretion by making the change from" Percocet, the narcotic recommended by the hand clinic, to Darvocet. The court also found that "the prison appears to have a system for transferring prisoners to treatment centers with reasonable speed, and the system seems to have worked for the plaintiff."
 
 
 23
 Ransom has pointed to no genuine issue of material fact as to the treatment he received. As a matter of law, that treatment did not reflect deliberate indifference to his medical needs. Summary judgment for Norrish and Stapler was, therefore, appropriate. Ransom's pendent state claims are not dismissable because he still has a federal claim against DeLeon.
 
 CONCLUSION
 
 24
 Dismissal of Officer DeLeon for failure to effect timely service is REVERSED and the case is REMANDED with instructions to compel the United States Marshal Service to affect personal service upon DeLeon.
 
 
 25
 Dismissal of Avenenti for failure to state a claim is AFFIRMED.
 
 
 26
 Summary judgment for Norrish and Stapler is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed. R. App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3