98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ervin Charles ST. AMAND, Plaintiff-Appellant,
v.
James H. GOMEZ; George A. Smith, M. Kramer, Sergeant; S.
Grandy; Lackey; Silva; Bennett; D.F. Nunes;
Hernandez, Defendants-Appellees.
 No. 95-16648.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 11, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Ervin Charles St. Amand appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. He contends the district court erred when it dismissed his action for failure to comply with Fed.R.Civ.P. 65. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.
 
 A. Background
 
 3
 On February 17, 1995, the district court filed St. Amand's motion for a temporary restraining order (TRO) or preliminary injunction. On May 19, 1995, the magistrate judge recommended that the motion be dismissed because St. Amand had failed to notice defendants as required by Fed.R.Civ.P. 65 and the local rules.
 
 
 4
 On April 27, 1995, St. Amand sent to the district court a "supplemental brief in support of civil rights complaint." On May 5, 1995, the district court filed that pleading as a separate action. On May 25, 1995, the district court ordered the two cases consolidated. On July 6, 1995, St. Amand filed a "first amended" complaint in his consolidated action.
 
 
 5
 On July 18, 1995, the district court adopted the magistrate judge's recommendation and dismissed St. Amand's action for failure to comply with Fed.R.Civ.P. 65 and the local rules.
 
 B. Analysis
 
 6
 Because St. Amand did not provide notice to the defendants, we affirm the district court's dismissal of his TRO motion. See Fed.R.Civ.P. 65.
 
 
 7
 As of July 5, 1995, St. Amand had filed a motion for a TRO and a brief in support of a complaint, but had not filed any complaint. Had St. Amand never filed a complaint, the district court could have dismissed St. Amand's entire action for that reason. Because, however, St. Amand filed a "first amended" complaint before the district court dismissed his action, the district court could not properly dismiss the entire action for failure to notice defendants. See Fed.R.Civ.P. 4(c)(2); see also Puett v. Blandford, 912 F.2d 270 (9th Cir.1990). Accordingly, we vacate the district court's July 18, 1995 judgment to the extent which it dismissed St. Amand's motion for a preliminary injunction and first amended complaint and remand for further proceedings consistent with this disposition.
 
 
 8
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3