107 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor Eugene BOSLEY, Sr., Plaintiff-Appellant,
v.
Paul FORNEY, Defendant-Appellee.
 No. 95-17438.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1997.*
Decided Feb. 19, 1997.
 
 Before: BRUNETTI, FERNANDEZ, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 PROCEEDINGS BELOW
 
 2
 On March 25, 1994, prisoner Bosley filed a civil rights complaint, CV-S-94-00345-LDG(RLH), against Paul Fortney, Lonnie Williams, the Eighth Judicial District Court, the Las Vegas Metropolitan Police Department, and the Clark County Detention Center. Bosley's suit against Fortney, a bailiff for the Clark County Detention Center, was dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).[1]
 
 
 3
 On April 13, 1995, the district court allowed Bosley to maintain a separate suit, CV-S-95-00286-LDG(RJJ), as against Fortney only, but the court said it would not allow the complaint to be filed until Bosley was granted permission to proceed in forma pauperis. On May 30, 1995, the court ordered that Bosley's complaint against Fortney be filed, and ordered Bosley to provide the United States Marshal with information sufficient to effect service of process on Fortney. Bosley provided information he believed to be correct, but when the Marshal attempted to serve defendant at the address provided, the Marshal was told that Fortney had retired and moved to Detroit with no forwarding address. The receipt from the Marshal's attempt to serve Fortney was filed with the district court on July 6, 1995. On October 11, 1995, the court issued a notice regarding its intention to dismiss pursuant to Rule 4(m), and on November 16, 1995, the court did dismiss Bosley's complaint without prejudice.
 
 
 4
 During the four months between the time that Bosley became aware that Fortney no longer worked at the Clark County Detention Center, and the dismissal date, Bosley wrote two letters to the district court. On September 13, 1995, Bosley asked the judge to order the Marshal to find Fortney, and again on October 16, 1995, Bosley wrote asking the court to require the Marshal to serve Fortney in Detroit.
 
 ANALYSIS
 
 5
 We review the district court's dismissal pursuant to Rule 4 for abuse of discretion. Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.1994). We have explained that where the failure of service is the fault of the U.S. Marshal, the incarcerated pro se plaintiff should not be penalized with a dismissal. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.1990).
 
 
 6
 [A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure.
 
 
 7
 Id.
 
 
 8
 The district court does not abuse its discretion, however, where, as here, an incarcerated pro se plaintiff does not prove that he provided the marshal with sufficient information to effect service. Walker, 14 F.3d at 1422. "Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). Here, Bosley failed to follow Rule 4(m), not due to any mistake by the U.S. Marshal, but because he did not have a valid address for Fortney. Accordingly, we find the district court did not abuse its discretion in dismissing Fortney.
 
 
 9
 We also note that we have found in the record a statement contained in the Transmittal of Notice of Appeal, which states the following: "Plaintiff has not made this appeal in good faith. Plaintiff's cause of action was dismissed due to failure to effect timely service after notice from the court." As it appears in the record, the statement is partly whited-out. Further, it is not clear who wrote this statement. However, if it was intended to be a finding by the district court that this appeal was not taken in good faith, we note that we would not have jurisdiction to hear this appeal. 29 U.S.C. § 1915(a) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court granted the other defendants' motion for summary judgment, and the Ninth Circuit affirmed. See Bosley v. Fortney, No. 95-17066 (9th Cir. Sep. 27, 1996)