Dyane CORBETT, Personal Representative of the Estate of Doris Loucks, on behalf of the Estate of Doris Loucks, and her surviving children, Plaintiff–Appellant,

v.

MANORCARE, INC., an Ohio professional corporation, aka Manorcare Health Services, Inc., fka HCR Manor Care; et al., Defendants–Appellees.

No. 04–17166.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed March 2, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Lisa M. Kimmel, Esq., Tucson, AZ, for Plaintiff–Appellant.

James William Kaucher, Gust Rosenfeld PLC, Tucson, AZ, for Defendants–Appellees.

Before: KLEINFELD and BYBEE, Circuit Judges, and WHALEY *, District Judge.

## MEMORANDUM **

Dyane Corbett, on behalf of the estate of her mother Doris Loucks, appeals the district court's Fed.R.Civ.P. 4(m) dismissal and summary judgment in favor of Manor-

Care, Inc. in Corbett's diversity action brought under the Arizona Adult Protection Statute, A.R.S. § 46–455. The facts and procedure are known to the parties and are repeated here only as necessary.

 ManorCare argues that this appeal should be dismissed based on the doctrine of *res judicata*, relying on the Pima County Superior Court's granting of summary judgment against the subsidiaries on August 12, 2005. State law determines the preclusive effect of a state court judgment. *Sosa v. DIRECTV, Inc.* 437 F.3d 923, 927 (9th Cir.2006). In Arizona, under the doctrine of *res judicata*, a judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action, and a judgment is final when entered, even if it may be appealed. *Murphy v. Board of Med. Exam'rs of State of Arizona*, 190 Ariz. 441, 449, 949 P.2d 530 (1997); *Circle K Corp. v. Industrial Comm'n*, 179 Ariz. 422, 425, 880 P.2d 642 (1993). This suit is not precluded simply because a state court rendered judgment in a parallel case based, in part, on the same district court decision that is before us on this appeal. *See Sosa*, 437 F.3d. at 928 (holding that because a district court's judgment is "final" for purpose of *res judicata*, a subsequent state court decision was not a bar to the appeal).

 The district court's dismissal of a cause of action based on failure to timely serve the summons and complaint is reviewed for abuse of discretion. *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990). A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact. *United States*

---

* The Honorable Robert H. Whaley, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Washington,* 394 F.3d 1152, 1157 (9th Cir.2005). Two members of the panel reverse because the district court abused its discretion in denying the motion to extend time for service when it erroneously relied on the pre–1993 version of Fed.R.Civ.P. 4(j). Under the current Rule 4(m), the court must allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days. The rule authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision, even if there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 662, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996). Consequently, the district court erred when it failed to consider the potential prejudice to the parties if the time for service would not be extended. *See United States v. 2,164 Watches,* 366 F.3d 767, 772–73 (9th Cir. 2004) (instructing the district court to consider the prejudice when exercising its discretion to determine what action to take in light of the untimely service).

The district court's judgment is reversed, and this case is remanded with instructions to reinstate the case against the unserved defendants, and order that Corbett shall have an additional 120 days to serve the unserved defendants.

**REVERSED and REMANDED.**

BYBEE, Circuit Judge, dissenting in part:

I would affirm the district court judgment dismissing Corbett's suit against ManorCare. Although the district court cited the wrong version of Fed.R.Civ.P. 4, there is no good explanation for the plaintiff's failure to serve the proper parties,

and, accordingly, the district court did not abuse its discretion.