**Louis Thomas CERVANTES,**
**Plaintiff–Appellant,**

v.

**Richard L. PRATT, Medical Services Administrator; Robert D. Jones, Deputy Medical Director; Patricia A. Stapler, Health Care Provider; Felix Jabczenski, Health Care Provider; Baird, Medical Programs Manager; Ronolfo Macabuhay, Health Care Provider; Gene Greeley, Facility Health Administration; Donald Sloan, Facility Health Administration; J. Karkhoff; Stewart, Captain; Dora B. Schriro, Director, ADOC, sued in their individuals and official capacities, Defendants–Appellees.**

No. 05–17189.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2007.

Filed March 16, 2007.

Colleen Carlton Smith, Esq., Kimberly A. Hicks, Esq., Latham & Watkins, LLP, San Diego, CA, for Plaintiff–Appellant.

Louis Thomas Cervantes, Buckeye, AZ, pro se.

Wanda Ellen–Marie Hofmann, Esq., Agaz–Office of the Arizona Attorney General, (Tucson), Liability Management Section, Peter Akmajian, Esq., Chandler & Udall, LLP, Tucson, AZ, for Defendants–Appellees.

Before: O'SCANNLAIN, LEAVY, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Arizona state prisoner Louis Thomas Cervantes appeals the district court's summary judgment in favor of Arizona Department of Corrections (ADC) employees and Dr. Jabczenski, in Cervantes's 42 U.S.C. § 1983 action which alleged that the defendants failed to provide him with constitutionally adequate medical treatment to control pain and repair damaged plates in his right elbow. Cervantes also alleged unlawful retaliation for his bringing an action in state court, use of excessive force by a prison employee and due process violations in a prison disciplinary proceedings. We have jurisdiction under 28 U.S.C. § 1291 and, after de novo review, we affirm in part and reverse and remand in part.

### A. Summary Judgment Procedures

■ The record demonstrates that Cervantes understood the nature of summary judgment and responded to defendants'

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

motion with an affidavit and hundreds of pages of documentary evidence. Therefore, the district court did not err when it granted summary judgment to defendants without providing notice to Cervantes under *Rand v. Rowland,* 154 F.3d 952, 961 (9th Cir.1998) (en banc).

■ The district court's determination that additional discovery was not warranted before it ruled on the defendants' motion was not an abuse of discretion. Further discovery was not necessary for the district court to determine the collateral estoppel effect of the state court judgment. Moreover, Cervantes's requests for additional discovery under Fed.R.Civ.P. 56(f) did not state what facts he believed would be discovered or how they would preclude summary judgment. *See Jones v. Blanas,* 393 F.3d 918, 930 (9th Cir.2004) (district court abused its discretion in refusing to postpone ruling on summary judgment where detainee's discovery requests could have produced evidence substantiating a claim).

### B. *Collateral Estoppel*

■ The district court did not err when it determined that collateral estoppel barred Cervantes's 42 U.S.C. § 1983 claim alleging deliberate indifference to his serious medical needs. The adequacy of ADC's and Dr. Jabczenski's medical treatment of Cervantes's right arm was actually litigated and determined in the state court special action proceeding and the determination that the medical treatment was adequate was essential to the judgment dismissing Cervantes's state court action. Therefore, collateral estoppel bars Cervantes from relitigating the issue of the adequacy of his medical treatment. *See Manzanita Park, Inc. v. Ins. Co. of N. Am.,* 857 F.2d 549, 552 (9th Cir.1988).

### C. *Unlawful Retaliation Claim*

■ The district court erred when it failed to consider Cervantes's claim for unlawful retaliation. Cervantes alleged that the defendants had violated his First Amendment rights when they retaliated against him for bringing the state court action by cutting off his pain medication and medical care. His allegations were sufficient to state a § 1983 claim for First Amendment retaliation. *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005). However, the district court did not mention the retaliation claim in its order granting the defendants' summary judgment and dismissing Cervantes's action. Thus, the district court's dismissal of this claim is reversed and remanded for further proceedings.

### D. *Excessive Force Claim*

The district court's dismissal of Cervantes's excessive force claim against defendant Karkhoff for failure to serve the summons and complaint was an abuse of discretion because Cervantes was entitled to rely upon the United States Marshal to serve process. *See Puett v. Blandford,* 912 F.2d 270, 275 (9th Cir.1990). The information Cervantes provided was sufficient to enable the marshal to serve Karkhoff. *See McGuckin v. Smith,* 974 F.2d 1050, 1058 (9th Cir.1992), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997). Cervantes was not required to personally serve Karkhoff during his brief release from prison, before he had filed the amended complaint.

### E. *Disciplinary Proceedings Claim*

■ The district court did not fail to reconsider Cervantes amended claim concerning due process violations in a prison disciplinary proceedings which resulted in his loss of earned release credits. After

filing his amended complaint, Cervantes moved to serve a summons and complaint upon defendant Stewart, who was only named in this particular claim. The district court denied the motion stating, "[p]laintiff's claim regarding Defendant Stuart, or Stewart, is the same in the amended complaint as in the original complaint and, therefore, this claim as against Defendant Stewart fails for the same reasons stated in the Court's screening order issued August 3, 2004."

The district court did not err in its determination that *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) barred the amended claim. Under *Heck* "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement,'" but rather must seek habeas corpus relief. *Wilkinson v. Dotson,* 544 U.S. 74, 78, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *See id.* at 80–81, 125 S.Ct. 1242; *see also Edwards v. Balisok,* 520 U.S. 641, 646, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). The due process violations alleged in Cervantes's claim were: the reporting officer did not witness the event as required; the hearings officer did not allow him to call witnesses; and Cervantes's appeal of the hearings officer's decision was never processed. Under *Edwards,* the asserted procedural defect of excluding witness testimony necessarily implies the invalidity of the revocation of Cervantes's early release credits. *Id.* at 646–47, 117 S.Ct. 1584. Therefore, the district court did not err in dismissing this claim pursuant to *Heck.*

## CONCLUSION

The district court's grant of summary judgment against Cervantes's claim for deliberate indifference to his medical needs and dismissal of his claim for due process violations in prison disciplinary proceedings are affirmed. The district court's dismissal of Cervantes's claims for retaliation and excessive force are reversed and remanded to the district court for further proceedings. Costs are awarded to the plaintiff-appellant.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

