**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIKE YELLEN, | No. 11-16949 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01976-JCM-GWF |
| v. | |
| BOYD GAMING CORPORATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Mike Yellen appeals pro se from the district court's judgment dismissing his

civil rights action alleging First and Fourteenth Amendment claims related to the

denial of entry into a private bowling tournament.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo a determination that a complaint fails to state a claim, *Trerice v. Pedersen*, 769 F.2d 1398, 1400 (9th Cir. 1985), and for an abuse of discretion a dismissal for failure to effect timely service, *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990). We may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court did not abuse its discretion in dismissing Yellen's action for failure to effect timely service because Yellen did not seek an extension to serve defendants and failed to provide the district court with a reason for his delay. *See* Fed. R. Civ. P. 4(m); *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (arguments raised for the first time on appeal are deemed waived).

Moreover, the district court properly determined that Yellen failed to state a viable § 1983 claim because Yellen failed to allege that defendants acted under color of state law. *See* 42 U.S.C. § 1983; *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350-51 (1974) (even a heavily regulated private party does not act under color of state absent close nexus between the State and the challenged private conduct); *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (vague allegations of official participation in civil rights violations cannot withstand dismissal).

11-16949

Yellen's claims under §§ 1985 and 1986 were not cognizable because Yellen failed to allege a conspiracy to interfere with a federal officer's duties, to obstruct judicial proceedings, or to discriminate against him based on race or other class-based grounds. *See* 42 U.S.C. §§ 1985, 1986; *Bretz v. Kelman*, 773 F.2d 1026, 1027-28 & n.3 (9th Cir. 1985) (en banc) (listing elements of § 1985 claim); *Trerice*, 769 F.2d at 1403 (§ 1986 claim must be premised on valid § 1985 claim).

Yellen's § 1988 claim failed because § 1988 does not create an independent civil rights claim, but instructs courts on what laws to apply in claims arising under federal civil rights acts. *See* 42 U.S.C. § 1988; *see also Moor v. Cnty. of Alameda*, 411 U.S. 693, 703-04 (1973).

The district court did not abuse its discretion in denying Yellen's motion for reconsideration because Yellen failed to establish grounds for such relief. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and listing factors necessary for reconsideration under both Fed. R. Civ. P. 59 and 60).

**AFFIRMED.**