**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT JAMES DIXON, | No. 12-15508 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00657-AWI-DLB |
| v. | |
| JAMES A. YATES, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

California state prisoner Robert James Dixon appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo the district court's dismissal for failure to exhaust

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

administrative remedies, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and for an abuse of discretion a dismissal for failure to effectuate service, *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990). We affirm.

The district court properly dismissed without prejudice Dixon's Eighth Amendment claims against defendant Igbinosa because Dixon failed properly to exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

The district court did not abuse its discretion by dismissing without prejudice the claims against defendant Diep because Dixon failed to effectuate service in a timely manner. *See* Fed. R. Civ. P. 4(m) (requiring service within 120 days after complaint is filed); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (holding that an incarcerated pro se plaintiff proceeding in forma pauperis must provide the marshal with sufficient information necessary for service), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

The district court did not abuse its discretion in denying Dixon's request for appointment of counsel because Dixon failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and the exceptional circumstances requirement).

Dixon's motion to accept the late filed reply brief is granted. The Clerk shall file the reply brief submitted on April 25, 2013.

Dixon's motions for appointment of counsel, filed on February 4, 2013, and May 10, 2013, are denied.

**AFFIRMED.**

12-15508