**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT



| | |
|---|---|
| RICHARD ABERCROMBIE,<br><br>                  Plaintiff - Appellant,<br><br>v.<br><br>RICHARD M. KAUT, Dr.,<br><br>                  Defendant - Appellee. | No. 14-16675<br><br>D.C. No. 1:11-cv-00048-GSA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted June 22, 2015[***]

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

California state prisoner Richard Abercrombie appeals pro se from the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] Abercrombie consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's dismissal for failure to serve the summons and the complaint in a timely manner. *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990). We affirm.

The district court did not abuse its discretion in dismissing Abercrombie's action without prejudice because, despite being given opportunities to locate defendant and being warned that dismissal would result if he failed to provide the United States Marshal with a valid current address, Abercrombie failed to serve the summons and the complaint on Kaut in a timely manner. *See* Fed. R. Civ. P. 4(m) (requiring service within 120 days of the filing of the complaint); *Walker v. Summer*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (the prisoner must provide the United States Marshal with sufficient information to serve the defendant), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Abercrombie's contention that he was subjected to cruel and unusual punishment as a result of attempting to serve Kaut is unpersuasive.

We do not consider the documents attached to Abercrombie's opening brief because they were not presented below. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not

part of the record on appeal.").

**AFFIRMED.**