NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUL 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID LEVOYD REED, | No. 23-15386 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00326-CDS-NJK |
| v. | |
| BRANDON STUBBS; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| JAMES DZURENDA, Director; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Argued and Submitted June 13, 2025
San Francisco, California

Before: S.R. THOMAS and KOH, Circuit Judges, and SILVER,** District Judge.

Plaintiff David Reed seeks reversal of the district court's final judgment in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

this action because he claims that two of the defendants named in his complaint, Paul Karsky and Julio Corral-Lagarda, were wrongly dismissed for failure to effectuate service of process. We have jurisdiction under 28 U.S.C. § 1291, and we review a dismissal for failure to timely complete service for abuse of discretion. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). We affirm.

Under Federal Rule of Civil Procedure 4(m), a defendant generally must be "served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* An incarcerated pro se plaintiff proceeding in forma pauperis, like Reed, is "entitled to rely on the U.S. Marshal for service" once the plaintiff has "provided the necessary information to help effectuate service." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). Moreover, "[s]o long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service 'is automatically good cause within the meaning of Rule 4[(m)].'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States,* 902 F.2d 598, 602 (7th Cir. 1990)).

On the factual record before us, we conclude that the district court did not abuse its discretion in dismissing Karsky and Corral-Lagarda two and a half years after Reed filed the operative complaint. The U.S. Marshals Service made multiple

2

attempts to serve the defendants. After summary judgment proceedings concluded as to other defendants, the district court on August 27, 2021, ordered Reed to show cause by September 27, 2021, as to why Karsky and Corral-Lagarda should not be dismissed. Reed received an extension of time to October 27, 2021, to show cause. Reed missed the extended deadline, and the district court dismissed Karsky and Corral-Lagarda on November 3, 2021. Reed did not respond to the order to show cause until January 24, 2022. The district court did not abuse its discretion in dismissing Karsky and Corral-Lagarda under these circumstances.[1] *See* Fed. R. Civ. P. 4(m) (explaining that, upon a showing of good cause, the court "must extend the time for service for *an appropriate period*" (emphasis added)).[2]

    **AFFIRMED**.

---

[1] Judge Jennifer A. Dorsey was the district judge at the time Karsky and Corral-Lagarda were dismissed. The case was re-assigned to Judge Silva on April 13, 2022.

[2] Because we conclude that the district court did not abuse its discretion in dismissing Karsky and Corral-Lagarda, we need not reach Reed's additional argument that Karsky and Corral-Lagarda's wrongful dismissal prejudiced his trial against the remaining defendants.