Moshe IMMERMAN, Plaintiff–Appellant,

v.

U.S. DEPARTMENT OF AGRICULTURE, being sued as Ann M. Veneman, Secretary, Defendant–Appellee.

No. 05–36001.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2008.

Filed Feb. 20, 2008.

Moshe Immerman, Eugene, OR, pro se.

James L. Sutherland, Esq., Office of the U.S. Attorney, Eugene, OR, for Defendant–Appellee.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

MEMORANDUM *

Moshe Immerman ("Immerman") appeals from the district court's dismissal of his complaint for failure to properly and timely serve the summons and complaint under Fed.R.Civ.P. 4(i). Immerman also challenges the district court's refusal to appoint him counsel and denial of his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part and remand.

---

1. The joint motion to supplement the record is denied as moot.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Under Rule 4(m), service must be effected within 120 day of filing of the complaint. If the plaintiff fails to serve the defendant within that period, the court must either dismiss the complaint or "direct that service be effected within a specified time." *Id.* However, if the plaintiff shows "good cause" the court "shall extend the time for service for an appropriate period." *Id.* We have held that Rule 4(m) requires a two-step analysis. "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan,* 253 F.3d 507, 512 (9th Cir.2001). We review for abuse of discretion. *Puett v. Blandford,* 912 F.2d 270, 273 (9th Cir. 1990).

Given the unique circumstances of this case—Immerman's pro se, in forma pauperis status, the confusion regarding the service instructions, the fact that process was served on the named defendant, and that the statute of limitations had run on Immerman's claim—we conclude that the district court abused its discretion when it dismissed Immerman's complaint instead of granting Immerman a reasonable extension of time within which to complete service as required by Rule 4(i).[1]

Immerman also argues that the district court abused its discretion in denying his motion for appointment of counsel. We disagree. A district court has the discretion to appoint counsel to represent a person unable to afford representation under 28 U.S.C. § 1915(e)(1). We have held that a district court may only do so under "exceptional circumstances." *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

The district court did not err in concluding that, on the record before it, exceptional circumstances warranting appointment of counsel did not exist.

**AFFIRMED** in part, **REVERSED** in part and **REMANDED.** The parties shall bear their own costs on appeal.

---

1. Because we conclude that the district court abused its discretion in dismissing Immerman's complaint, we need not address the motion for reconsideration.

