**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSE L. YOUNGBLOOD, | No. 12-57237 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-01625-JAK-CFE |
| v. | |
| 5 UNKNOWN CIM CORRECTIONAL OFFICERS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted July 24, 2013[**]

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Jesse L. Youngblood, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging cruel and

unusual punishment. We have jurisdiction under 28 U.S.C. § 1291. We review for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an abuse of discretion a district court's dismissal for failure to serve, *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), and for failure to comply with a court order, *Ash v. Cvetkov*, 739 F.2d 493, 495 (9th Cir. 1984). We vacate and remand.

Dismissal of Youngblood's action for failure to effect service was premature as Youngblood should have been given an opportunity to identify the defendants through limited discovery. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (holding that where a plaintiff is unaware of the identity of alleged defendants, "plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds"); *see also* Fed. R. Civ. P. 45 (permitting third party subpoenas); Fed. R. Civ. P. 26(d) (prohibiting discovery prior to a Rule 26(f) conference except "when authorized . . . by court order").

To the extent that the district court dismissed Youngblood's action without prejudice for failure to comply with a court order, the district court abused its discretion because the court failed to consider less drastic alternatives. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (listing factors to consider before dismissing for failure to comply with a court order and explaining

that warning of dismissal for failure to comply prior to disobedience of the court order did not constitute consideration of less drastic alternatives); *Ferdik*, 963 F.2d at 1260 ("[D]ismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances.").

Youngblood's "application in support of summons/complaint," submitted on July 1, 2013, is denied without prejudice to renewal before the district court on remand.

**VACATED AND REMANDED.**