**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN R. SCHRUBB, Sr., | No. 14-15681 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00418-JSW |
| v. | |
| A. S. LOPEZ; M. BRYANT, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted September 30, 2015**
San Francisco, California

Before: THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

Kevin R. Schrubb, Sr., a California state prisoner, appeals pro se from the

district court's order denying reconsideration of the dismissal of his complaint.

The district court dismissed his 42 U.S.C. § 1983 action for failure to serve

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

defendants under Rule 4(m) of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006).

The central question in this case is whether the district court properly analyzed whether Schrubb established "excusable neglect" under Rule 60(b)(1). In examining this question, we have established a four-factor test: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citation omitted). We explained in *Lemoge* that failing to identify this standard or to correctly analyze each factor is an abuse of discretion, and we reversed the district court's denial of a motion for reconsideration because the district court had failed to discuss one of the factors. *Id.* at 1192-93. We noted that it is not "merely a matter of the district court not citing and stating the test," but "[m]ore importantly, we are concerned that the substance of the district court's analysis wholly omitted discussion of one of the four factors . . ." *Id.* at 1193.

Here, the district court did not provide any analysis of the factors. Although that omission is understandable given the state of the *pro se* pleadings, our caselaw requires such an analysis. More importantly, in the context of this case, we have

also held that a prisoner "is entitled to rely on the U.S. Marshal for service" and that as long as he or she "provide[s] the necessary information to help effectuate service," a prisoner "should not be penalized by having his or her action dismissed . . . where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990); *see also Richardson v. Johnson*, 598 F.3d 734, 738-40 (11th Cir. 2010).

Here, the prisoner relied on prison officials to identify the officers and the U.S. Marshals Service to effectuate service. On this record, it does not appear that Schrubb's failure to effect service was due to his own neglect or negligence. Given these circumstances, we vacate the order and remand to the district court for its reconsideration and analysis.

**REVERSED and REMANDED.**

14-15681