FILED

NOV 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARSHA BRANDON, | No. 14-56815 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-07613-PSG-E |
| v. | |
| LOS ANGELES COUNTY SHERIFF DEPARTMENT; MORALES, Deputy, individual and official capacity, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted November 18, 2015**

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Marsha Brandon appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging various constitutional claims. We

have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion

---

*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a dismissal for failure to serve a summons and complaint in a timely manner. *Oyama v. Sheehan* (*In re Sheehan*), 253 F.3d 507, 511 (9th Cir. 2001). We vacate and remand.

The district court dismissed Brandon's action without prejudice because Brandon failed to show good cause as to why she did not provide the U.S. Marshals Service with sufficient information to serve "Deputy Morales." However, the record indicates that Brandon provided the U.S. Marshals Service with Deputy Morales' last name, his place of employment, and the date, time, and location of the alleged incident. *See Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (a prisoner "proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service" and as long as he or she "provide[s] the necessary information to help effectuate service," a prisoner "should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal . . . has failed to perform [its] duties"). The record does not indicate why the U.S. Marshal or the Sheriff's Department was unable to effectuate service. Accordingly, we vacate and remand for further proceedings, including, if necessary, a determination of the U.S. Marshal's or Sheriff's Department's efforts to identify or locate Deputy Morales.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**VACATED and REMANDED.**