**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JAN 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAUL LIETZ,

        Plaintiff-Appellant,

 and

SAKAHANN OUCH; et al.,

        Plaintiffs,

  v.

DRUG ENFORCEMENT
ADMINISTRATION; et al.,

        Defendants-Appellees,

 and

CANYON COUNTY; et al.,

        Defendants.

No.   23-35603

D.C. No. 1:22-cv-00209-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted January 24, 2025[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision

San Francisco, California

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Plaintiff-Appellant Paul Lietz sued numerous state and federal defendants in the United States District Court for the District of Idaho, challenging the execution of a search warrant on his property. The district court determined that Lietz had failed to properly serve the Federal Defendants[1] under Federal Rule of Civil Procedure 4(i), and the court gave Lietz another sixty days to effect service. Lietz, however, failed to properly serve the Federal Defendants by the deadline, and the court dismissed the case without prejudice. Lietz appeals the dismissal, and we have jurisdiction under 28 U.S.C. § 1291. We affirm.

Lietz's primary argument is that the district court erred in concluding that sending a copy of the summons and complaint by Federal Express does not meet the requirement under Rule 4(i)(1) that these documents be sent by "registered or certified mail." We review de novo a district court's construction of the Federal Rules of Civil Procedure. *See Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1427 (9th Cir. 1996).

There was no error. In *Magnuson*, we held that "mail" for purposes of Rule 5

---

without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] The "Federal Defendants" are the Drug Enforcement Administration, and Special Agents Colin Fine, David Clyde, Dustin Bloxham, and Brandon Poggi. The Federal Defendants are the only remaining defendants.

2

means "U.S. mail," not Federal Express. *Id.* at 1431. In reaching that holding, we explained that the term "mail" as used within the Federal Rules of Civil Procedure should be interpreted consistently: "[O]n a practical level, [it] does [not] make sense to adopt an approach that interprets the term 'mail' differently for the purposes of different rules within the Federal Rules of Civil Procedure." *Id.* Thus, under *Magnuson*, Federal Express is not "registered or certified mail" under Rule 4(i)(1).

Without proper service of process, the district court correctly dismissed the case without prejudice. *See SEC v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property . . . ."); *Wei v. Hawaii*, 763 F.2d 370, 371 (9th Cir. 1985) (reviewing for abuse of discretion a district court's dismissal for lack of timely service). Lietz failed to serve the Federal Defendants despite the district court's sixty-day extension of time and warning that Lietz's claims would be dismissed if he did not file proof of proper service on or before the deadline. Lietz offers no reason, let alone "good cause," for his failure. Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve the defendant by the deadline], the court must extend the time for service for an appropriate period.").

We reject Lietz's argument that *Puett v. Blandford*, 912 F.2d 270 (9th Cir. 1990), controls, as our holding in that case was limited to "incarcerated pro se

3

plaintiff[s] proceeding in forma pauperis [who are] entitled to rely on the U.S. Marshal for service of the[ir] summons and complaint." *Id.* at 275. Further, the district court notified Lietz of the defects in service, but he failed to correct them despite receiving an extension of time to do so. We also reject Lietz's argument that the Federal Defendants waived service by making a "general appearance." "Federal Rule of Civil Procedure 12 abolished the distinction between general and special appearances when the Federal Rules were adopted in 1938." *SEC v. Wencke*, 783 F.2d 829, 832 n.3 (9th Cir. 1986). Under Rule 12(h)(1), the Federal Defendants preserved their defense of insufficient service of process by expressly raising it in opposition to Lietz's request for a default judgment. *See* Fed. R. Civ. P. 12(h)(1)(B)(ii) (providing that a party waives an insufficient service of process defense if they fail to "include it in a responsive pleading"). Finally, contrary to Lietz's position, "actual notice" does not "subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

**AFFIRMED.**